| | |
|---|---|
| R. Brent Wisner, Esq, (SBN: 276023)<br>rbwisner@wisnerbaum.com<br>Stephanie B. Sherman, Esq. (SBN: 338390)<br>ssherman@wisnerbaum.com<br>WISNER BAUM, L.L.P<br>11111 Santa Monica Boulevard, Suite 1750<br>Los Angeles, CA 90025<br>Telephone: (310) 207-3233 *Attorneys for Plaintiffs Efren Ramos, Joshua Cross, and Marisol Scharon*<br><br>Marcus J. Bradley, Esq. (SBN 174156)<br>mbradley@bradleygrombacher.com<br>Kiley L. Grombacher, Esq. (SBN 245960)<br>kgrombacher@bradleygrombacher.com<br>BRADLEY/GROMBACHER, LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, California 91361<br>Telephone:  (805) 270-7100<br>Facsimile:   (805) 270-7589<br>*Attorneys for Plaintiff George Teron* | David S. Kurtzer-Ellenbogen (*pro hac vice*)<br>dkurtzer@wc.com<br>Paul E. Boehm (*pro hac vice*)<br>pboehm@wc.com<br>Jessica Bodger Rydstrom (SBN 256600)<br>jrydstrom@wc.com<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue, SW<br>Washington, DC 20024<br>Tel. (202) 434-5000<br><br>Ingrid K. Campagne (SBN 162164)<br>icampagne@wfbm.com<br>WFBM LLP<br>19900 MacArthur Blvd., Suite 1150<br>Irvine, California 92612-2445<br>Tel. (714) 643-2522<br><br>*Attorneys for Defendants Alchemee LLC and Taro Pharmaceuticals U.S.A., Inc.* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| George Teron, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>Alchemee LLC and<br>Taro Pharmaceuticals U.S.A., Inc.,<br><br>  Defendants;<br><br>  and<br><br>Efren Ramos, Joshua Cross, and<br>Marisol Scharon, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>Alchemee LLC and Does 1 to 50, Inclusive,<br><br>  Defendants. | Nos. 5:24-cv-01918-BLF, 5:24-cv-02230-BLF<br><br><br><br><br><br>**JOINT RESPONSE TO ORDER TO SHOW CAUSE** |

**INTRODUCTION**

On May 8, 2024, the Court ordered the parties to show cause why the above two cases should not be consolidated for all purposes and why a consolidated complaint should not be filed. ECF No. 18.[1] The parties have met and conferred, and jointly respond that, in the interest of efficiency, the Court (1) should consolidate these cases now for all purposes, but (2) should defer consideration of a consolidated complaint, and should pause the deadline for Defendants to respond to the existing complaints, until certain forum questions are resolved (specifically, until the Judicial Panel on Multidistrict Litigation ("JPML") resolves Plaintiffs' expected petition seeking an MDL pursuant to 28 U.S.C. § 1407 and this Court has evaluated Defendants' forthcoming motion to transfer pursuant to 28 U.S.C. § 1404).

**RESPONSE TO ORDER TO SHOW CAUSE**

On May 7, 2024, the Court granted Defendants' administrative motion to relate the above two cases. *See* ECF No. 13 (motion); ECF No. 16 (Order). The Court found that the two "actions concern substantially the same parties, property, transaction, or event," and that "conducting the two cases before different judges would lead to an unduly burdensome duplication of labor and expense" and risk conflicting results. ECF No. 16 at 1, 3. In particular, the Court noted that "both suits are grounded in the identical theory of alleged degradation of [benzoyl peroxide] products to unsafe levels of benzene, based on the same citizen petition recently filed with the FDA," and include overlapping causes of action asserted by "virtually identical" putative classes. *Id.* at 3.

1. <u>The Court should consolidate *Ramos* and *Teron*.</u> Consolidation may be appropriate where multiple actions before the Court "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision to consolidate is subject to the Court's "broad discretion." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In making that determination, "the Court should weigh the interest of judicial convenience

---

[1] Docket references are to the lower-numbered *Teron* action.

against the potential for delay, confusion[,] and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal citation omitted).

The Court has already found that the two cases at bar involve common questions of law or fact. ECF No. 16 at 1. Plaintiffs in both cases are "California residents who allege purchases of Alchemee's acne treatment products containing benzoyl peroxide." *Id.* at 1. And both "advance substantially similar theories of liability" stemming from the same citizen petition and pertaining to Proactiv® products. *Id.* at 2. Meanwhile, the parties see no "potential for delay, confusion, and prejudice" attendant to consolidation. As the Court already has observed, "pretrial proceedings and trial plainly would involve many of the same factual and legal issues." *Id.* at 3. Thus, the Court should consolidate these cases pursuant to Rule 42(a) for all purposes.

2. <u>The Court should defer consideration of a consolidated complaint, and pause Defendants' responses to the complaints, pending the resolution of forum questions.</u> The parties respectfully jointly submit that the Court should defer deciding whether a consolidated pleading should be prepared, and should suspend the deadlines for Defendants to respond to the operative complaints, until after the JPML resolves Plaintiffs' forthcoming MDL petition under 28 U.S.C. § 1407 and this Court evaluates Defendants' motion to transfer venue under 28 U.S.C. § 1404. Numerous other similar suits have been brought in jurisdictions across the country against other companies that manufacture or sell acne treatment products.[2] Defendants previously noted to the

---

[2] *See, e.g.*, *Montenegro v. CVS*, No. 2:24-cv-1876 (C.D. Cal., filed Mar. 7, 2024); *Navarro v. Target*, No. 1:24-cv-280 (E.D. Cal., filed Mar. 7, 2024); *Grossenbacher v. L'Oreal*, No. 2:24-cv-663 (E.D. La., filed Mar. 15, 2024); *Snow v. L'Oreal*, No. 1:24-cv-110 (D. Haw., filed Mar. 8, 2024); *Miller v. Target*, No. 24-cv-1323 (D. Minn., filed Apr. 12, 2024); *Mitchell v. Kenvue*, No. 3:24-cv-4109 (D.N.J., filed Mar. 22, 2024); *Garcia v. Crown Labs, Inc.*, No. 4:24-c-v-1448 (N.D. Cal., filed Mar. 8, 2024); *Williams v. Walmart*, No. 1:24-cv-2173 (N.D. Ill., filed Mar. 15, 2024); *Sanderlin v. Walmart*, No. 4:24-cv-1656 (D.S.C., filed Apr. 2, 2024); *Nelson v. RB Health*, No. 24-cv-60782 (S.D. Fla., filed May 9, 2024).

1    Court that the two cases at issue here are among six putative class actions claiming economic
2    losses associated with the purchase of Alchemee's acne treatment products, all filed within days
3    or weeks after the March 2024 citizen petition. *See* ECF No. 14 at 1-2. In light of the above, (1)
4    Plaintiffs intend to petition the JPML this week pursuant to 28 U.S.C. § 1407 for the formation
5    of a multidistrict litigation for pretrial proceedings and transfer of all actions to this Court, and
6    (2) Defendants have moved to transfer one case filed against them from the Central District of
7    California to the Southern District of New York pursuant to 28 U.S.C. § 1404, and intend to do
8    the same in the instant cases and the other cases pending against them. Thus, although Plaintiffs
9    have not consented to Defendants' transfer motion and Defendants have not consented to
10   Plaintiffs' JPML petition, all parties agree that predicate questions regarding the forum for these
11   matters should be resolved first.

12   The Court possesses "inherent power to control the disposition of the causes on its docket
13   in a manner [that] will promote economy of time and effort for itself, for counsel, and for
14   litigants." *Amey v. Cinemark USA Inc.*, 2013 WL 12143815, at *1 (C.D. Cal. Oct. 18, 2013)
15   (citation and quotation omitted). "Whether or not to grant a stay is within the court's discretion
16   and it is appropriate when it serves the interests of judicial economy and efficiency." *Cooper v.*
17   *Siddighi*, 2013 WL 12140988, at *3 (C.D. Cal. May 8, 2013). In the context of transfer, courts
18   consider three factors in evaluating whether to grant a stay: "(1) [the] potential prejudice to the
19   non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed;
20   and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases
21   are in fact consolidated." *Id.*

22   The parties ask this Court to stay the case pending the resolution of proceedings that will
23   determine the forum for these cases. Because the parties agree on the proper course, the first two
24   factors are definitionally satisfied. "No harm should result from a brief delay while [this Court]
25   decides whether to transfer this case." *Jones v. Sanofi US Servs. Inc.*, 2018 WL 6842605, at *1
26   (C.D. Cal. Nov. 19, 2018). A stay will also conserve judicial resources if either Plaintiffs' JPML
27   petition or Defendants' transfer motion is granted. *See, e.g.*, *Couture v. Hoffman-LaRoche, Inc.*,
28   2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (preservation of judicial resources is "a

primary factor"); *Jones*, 2018 WL 6842605, at *2 (without a stay, the Court "will have needlessly expended its energies" learning "intricacies of the case" and "replicat[ing]" efforts by the judge handling the consolidated litigation (citation and quotation omitted)). For these reasons, courts commonly pause proceedings pending a determination of transfer. *See, e.g.*, *Couture*, 2012 WL 3042994, at *4 (staying proceedings pending JPML transfer decision); *Nielsen v. Merck & Co.*, 2007 WL 806510, at *3 (N.D. Cal. Mar. 15, 2007) (same); *Qualls v. Ford Motor Co.*, 2023 WL 5723248, at *1 (C.D. Cal. July 19, 2023) (same); *Jones*, 2018 WL 6842605, at *2 (same).

The parties respectfully request that the Court await the JPML's decision and evaluate Defendants' motion to transfer (which will be filed on or before the current deadline to respond to the complaints) before determining whether to direct the preparation of a single consolidated complaint—and for the same reasons, respectfully request that the Court suspend Defendants' deadline to respond to the existing complaints.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court (1) consolidate these cases now for all purposes and (2) defer the consideration of whether Plaintiffs' must file a consolidated complaint, and pause the deadline for Defendants to respond to the existing complaints, until the Judicial Panel on Multidistrict Litigation ("JPML") resolves Plaintiffs' expected petition seeking an MDL pursuant to 28 U.S.C. § 1407 and this Court has evaluated Defendants' forthcoming motion to transfer pursuant to 28 U.S.C. § 1404.

Dated: May 22, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ Stephanie B. Sherman<br>R. Brent Wisner, Esq, (SBN: 276023)<br>rbwisner@wisnerbaum.com<br>Stephanie B. Sherman, Esq. (SBN: 338390)<br>ssherman@wisnerbaum.com<br>WISNER BAUM, L.L.P<br>11111 Santa Monica Boulevard, Suite 1750<br>Los Angeles, CA 90025<br>Telephone: (310) 207-3233 *Attorneys for Plaintiffs Efren Ramos, Joshua Cross, and Marisol Scharon*<br><br>/s/ Kiley L. Grombacher<br>Marcus J. Bradley, Esq. (SBN 174156)<br>mbradley@bradleygrombacher.com<br>Kiley L. Grombacher, Esq. (SBN 245960)<br>kgrombacher@bradleygrombacher.com<br>BRADLEY/GROMBACHER, LLP<br>31365 Oak Crest Drive, Suite 240<br>Westlake Village, California 91361<br>Telephone:  (805) 270-7100<br>Facsimile:   (805) 270-7589<br>*Attorneys for Plaintiff George Teron*<br><br>*Counsel for Plaintiffs* | /s/ Ingrid K. Campagne<br>Ingrid K. Campagne (SBN 162164)<br>icampagne@wfbm.com<br>WFBM LLP<br>19900 MacArthur Blvd., Suite 1150<br>Irvine, California 92612-2445<br>Tel. (714) 643-2522<br><br>David S. Kurtzer-Ellenbogen (*pro hac vice*)<br>dkurtzer@wc.com<br>Paul E. Boehm (*pro hac vice* forthcoming)<br>pboehm@wc.com<br>Jessica Bodger Rydstrom (SBN 256600)<br>jrydstrom@wc.com<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue, SW<br>Washington, DC 20024<br>Tel. (202) 434-5000<br><br>*Counsel for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2024, I electronically filed the foregoing **JOINT RESPONSE TO ORDER TO SHOW CAUSE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

_/s/ Ingrid Campagne_

Ingrid K. Campagne
Attorneys for Alchemee LLC and Taro
Pharmaceuticals U.S.A., Inc.